■ In the Matter of SUFFOLK EDUCATIONAL CHAPTER, THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant, v BOARD OF EDUCATION, AMITYVILLE UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78 (1) to set aside respondent's determination, dated November 18, 1974, which placed six school matrons on Step 2 of the salary scale of the "custodial worker" classification and (2) to compel respondent to move the six school matrons to Step 8 of the said classification, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated May 6, 1975, which dismissed the petition on the merits. Judgment reversed, without costs or disbursements, petition reinstated, and proceeding remitted to Special Term for further proceedings in accordance herewith. In April, 1974 the Suffolk County Department of Personnel announced that, in accordance with certain affirmative action policies, the title of "school matron" was abolished and that the title of "custodial worker" was substituted therefor. Shortly thereafter, respondent abolished the position of school matron and transferred the six women who held that title, and who were at Step 7 thereof with an annual salary of $7,800, to Step 2 of the custodial worker classification, with an annual salary of $8,000, effective July 1, 1974. Petitioner brought this proceeding alleging that the six matrons were entitled to maintain their original step in the new classification (with a salary, at the time in question, of $9,100), effective as of the time of the April, 1974 announcement. Respondent relies upon a by-law in the staff salary schedule to the effect that only one new classification

increment in salary is permissible upon promotion of a staff member. In dismissing the petition, Special Term found such provision controlling. The petition herein presents a serious question as to possible discrimination in employment on the basis of sex. The question has been indirectly raised as to whether, assuming past injustices in civil servant classifications, it is necessary to laterally move the six school matrons to custodial worker Step 7. The record before us is deficient, however, with regard to the critical question on which adjudication of the claim of sex-biased discrimination turns, namely, the relationship, if any, between the duties of the school matron and those of the custodial worker. We, therefore, remand the matter for a hearing on this and all other issues, the resolution of which are necessary in order to determine petitioner's sex-biased discrimination claim. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.